E-FILED
Tuesday, 07 June, 2022  12:10:55 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ANNA UNDERHILL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.  22 CV 2120** |
| **v.** | ) | |
| | ) | |
| **PEORIA PUBLIC SCHOOLS** | ) | |
| **DISTRICT NO. 150, AND HARRISON** | ) | **Plaintiff Demands Trial by Jury** |
| **COMMUNITY LEARNING CENTER** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, **ANNA UNDERHILL**, by her attorneys, John C. Kreamer and Joseph E. Urani of The Kreamer Law Group, LLC., and in complaining of Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**,  states as follows:

## NATURE OF CLAIM

1.  This action seeks redress for harassment and discrimination in violation of Title VII, as amended by the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq*., discrimination based on sex, pregnancy.  This action also seeks redress for discrimination in violation of the Americans with Disabilities Act of 1990, (hereinafter "ADA"), 42 U.S.C. §12111 *et. seq.,* and Section 503 of the Act, 42 U.S.C. §12203; hostile work environment and state law claims pursuant to the Illinois Human Rights Act, 775 ILCS 5/1 *et. seq*.

1

**PARTIES**

2.   Plaintiff, ANNA UNDERHILL (hereinafter "UNDERHILL" or "Plaintiff") is a female citizen of the United States and resident of Minier, Tazewell County, Illinois at all relevant times herein.

3.   UNDERHILL was at all relevant times an employee of Defendants PEORIA PUBLIC SCHOOLS DISTRICT No. 150, and HARRISON COMMUNITY LEARNING CENTER (hereinafter "PEORIA" or "Defendants"), as a teacher.

4.   Defendants PEORIA is a public community school district located at 3202 N. Wisconsin Ave., Peoria, Peoria County, Illinois.

5.   Harrison Community Learning Center is a school within District 150 located at 2727 West Krause Ave, Peoria, Peoria County, Illinois.

**JURISDICTION AND VENUE**

6.   Jurisdiction of this Court is invoked under 28 U.S.C. §1343(a)(3) and (4) and 28 U.S.C. §1331 to secure the protection of and to redress the deprivation of rights secured by Title VII and the ADA.  Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

7.   The venue of this action properly lies in the Central District of Illinois under  28 U.S.C. §1391.  The unlawful employment practices and claims alleged herein were committed in the Central District of Illinois.

**PROCEDURAL REQUIREMENTS**

8.   UNDERHIIL has fulfilled all conditions precedent to the institution of this action. She timely filed a Charge of Discrimination against Defendants with the Equal Employment Opportunity Commission ("EEOC") and has received Right to Sue letters from the U.S.

Department of Justice.  The Right to Sue letters are attached hereto and made a part hereof as *Exhibit A.*

## **FACTUAL BACKGROUND**

9.   Plaintiff is female and was employed as a 7th and 8th Grade English Language Arts teacher at Peoria Public Schools District No. 150, and particularly at the Harrison Community Learning Center.

10. At all times during her employment, Plaintiff performed her job to the legitimate expectations of her employer and beyond.

11. In June of 2019, Plaintiff informed her boss, Principal Fabian Daniels, that she was pregnant and was expected to deliver in November of 2019.

12. After making that announcement, Plaintiff began to be treated differently due to her sex, female and due to the fact that she was pregnant.

13. After announcing her pregnancy, Plaintiff was subjected to numerous issues regarding bad behavioral activities toward her from students.

14. These behavioral activities included but were not limited to 1) being shoved and pushed by students on several occasions;  2) being harassed by students who insisted on using doors that were closed to them due to security and safety reasons.

15. Plaintiff complained to her immediate supervisor and Principal Fabian about these behavioral issues and the increased physical confrontations from students, and how she did not want to get physically hurt while being pregnant.

16. Although she complained about these behavioral issues on multiple occasions to both her immediate supervisor and to Principal Fabian, nothing was ever done to correct or stop this activity.

17. In August 2019, Plaintiff met with Fabian Daniels in her office to discuss Plaintiff's doctor appointments because Ms. Daniels wanted to know why she was having to make so many appointments and see the doctor so often.

18. In response, Plaintiff explained to Ms. Daniels that she was having complications in her pregnancy, and it was considered a high-risk pregnancy.

19. Plaintiff's pregnancy had complications and was considered to be high-risk while exhibiting symptoms including but not limited to the fact that she gained over eighty pounds of water, had extreme swelling, and couldn't breathe well when walking.

20. In August of 2019, Plaintiff began going to PLC meeting three days a week wherein our team continued to discuss the ongoing behavior and safety issues. Plaintiff asked that these meeting be moved to her classroom due to the complications in her pregnancy and her issues with walking long distances.

21. Plaintiff was denied this request, and she continued having to walk long distances all the way across the building for the PLC meetings three days a week.

22. At times, Plaintiff's husband, who was also a teacher at this district at the same school, would ask to come to Plaintiff's doctor appointments due to the high-risk nature of her pregnancy.  Fabian Daniels denied these requests and stated that she "went to all her appointments by herself when she was pregnant, and there is no need for the dad to be there."

23. On October 7, 2019, Plaintiff's child was born.

24. Prior to returning to work after Plaintiff's FMLA leave, she discussed with Fabian Daniels Plaintiff's need to take two breaks a day of approximately 20-25 minutes to pump breastmilk, which Ms. Daniels approved.

25. However, upon Plaintiff's return, Plaintiff was not provided with a substitute to watch her class during those two pumping breaks, and the internal phone in her classroom was removed and not replaced making it difficult for Plaintiff to call anyone for assistance in this regard.

26. Many times, Plaintiff was not allowed to properly pump, and it had a very negative affect on her body and physical well-being.

27. Upon her return and in January of 2020, Plaintiff complained about her issue regarding her need to pump and inability to do so because of the school's actions many times to her immediate supervisor and Principal Fabian, but Plaintiff was ignored, and nothing was ever done to change or accommodate her in this regard.

28. Then, on February 24, 2020, Plaintiff received correspondence indicating that she was terminated.

29. Plaintiff was treated differently than similarly situated male/ or non-pregnant employees and /or employees with no children in the terms and conditions of her employment, including but not limited to, being denied any resolution regarding the bad behavior of students toward Plaintiff while she was pregnant, being forced to walk long distanced to meetings in spite of the complications she made Defendants aware of, being denied the ability to pump breastmilk after her child was born, and termination.

30. Plaintiff complained that the above acts were done to her due to her sex, her pregnancy, and the fact that her pregnancy was high risk and she requested reasonable accommodations with respect to the same.  Thereafter, she was treated differently, was isolated, ignored and terminated.

31. At all times during her employment with Defendants, Plaintiff performed her job to the legitimate expectations of her employer and beyond.

32. The reasons given for Plaintiff's unequal treatment and termination were and are pretextual.

33. Plaintiff has suffered and will continue to suffer significant damages as a result of the above and as a direct result of the unlawful actions and inactions of Defendants.

### COUNT I
### SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII
### BASED ON GENDER, FEMALE

34. Plaintiff repeats and reasserts paragraphs 1-33 above as this paragraph as though fully set forth and re-asserted herein.

35. Plaintiff is a member of a protected class based on her sex, female.

36. Plaintiff in all respects was performing her job in a manner that was consistent with the Defendants' legitimate business expectations and beyond.

37. Defendants discriminated against Plaintiff as described above, including but not limited to harassing her and subjecting her to a hostile work environment.

38. Plaintiff made complaints regarding the above conduct up to and until her termination.

39. Defendants, through their supervisors, employees and agents failed to take any action to resolve the above conduct and did nothing to resolve Plaintiff's complaints.

40. After Plaintiff made said complaints, Defendants treated Plaintiff differently in retaliation for the same.

41. Plaintiff was discharged on or about February 24, 2020. Other individuals were not terminated and were treated more favorably.

6

42. Defendants' proffered reason for Plaintiff's discharge is pretextual. The reason Plaintiff was terminated was due to her sex and her pregnancy and in retaliation for making the aforementioned complaints as described above.

43. By the above actions, but not limited to the same, Defendants discriminated against Plaintiff in the terms, condition, and privileges of employment because of her sex, her status as being pregnant all in violation of Title VII, and any alleged reasons given to the contrary were and are pretextual. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

44. By the above actions, but not limited to the same, Defendants took adverse employment actions against Plaintiff, which seriously affected her physical and psychological well-being, and caused her to suffer humiliation, degradation, emotional distress, damage to her reputation, lost wages, and other consequential damages. Any alleged reasons given to the contrary for Defendants' actions were and are pretextual.

45. Defendants' wrongful acts, individually and/or by and through its agents, were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to Plaintiff's rights under Title VII and justify the awarding of exemplary and punitive/liquidated damages in this cause.

46. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorneys' fees, costs and

other damages allowable under Title VII.  Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, **ANNA UNDERHILL**, respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages caused by the Defendants' violation of her rights under Title VII and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief as the Court deems just and appropriate.

**COUNT II**
**SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII**
**BASED ON PREGNANCY AND FAMILIAL STATUS**

47. Plaintiff repeats and reasserts paragraphs 1-33 above as this paragraph as though fully set forth and re-asserted herein.

48. Plaintiff is a member of a protected class based on her familial status and pregnancy pursuant to Title VII as amended by the Pregnancy Discrimination Act. (PDA).

49. Plaintiff in all respects was performing her job in a manner that was consistent with the Defendants' legitimate business expectations and beyond.

50. Defendants discriminated against Plaintiff as described above, including but not limited to harassing her and subjecting her to a hostile work environment.

51. Plaintiff made complaints regarding the above conduct up to and until her termination.

52. Defendants, through their supervisors, employees and agents failed to take any action to resolve the above conduct and did nothing to resolve Plaintiff's complaints.

53. After Plaintiff made said complaints, Defendants treated Plaintiff differently in retaliation for the same.

54. Plaintiff was discharged on or about February 24, 2020.  Other individuals were not terminated and were treated more favorably.

55. Defendants' proffered reason for Plaintiff's discharge is pretextual.  The reason Plaintiff was terminated was due to her sex and her pregnancy and in retaliation for making the aforementioned complaints as described above.

56. By the above actions, but not limited to the same, Defendants discriminated against Plaintiff in the terms, condition, and privileges of employment because of her sex, her status as being pregnant all in violation of Title VII, and any alleged reasons given to the contrary were and are pretextual.  Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

57. By the above actions, but not limited to the same,  Defendants took adverse employment actions against Plaintiff, which seriously affected her physical and psychological well-being, and caused her to suffer humiliation, degradation, emotional distress, damage to her reputation, lost wages, and other consequential damages.   Any alleged reasons given to the contrary for Defendants' actions were and are pretextual.

58. Defendants' wrongful acts, individually and/or by and through its agents, were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to Plaintiff's rights under Title VII and justify the awarding of exemplary and punitive/liquidated damages in this cause.

59. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorneys' fees, costs and other damages allowable under Title VII.  Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, **ANNA UNDERHILL**, respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages caused by the Defendants' violation of her rights under Title VII and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief as the Court deems just and appropriate.

## COUNT III
## SEXUAL DISCRIMINATION IN VIOLATION OF THE IHRA
## BASED ON GENDER, FEMALE AND PREGNANCY

60. Plaintiff repeats and reasserts paragraphs 1-33 above as this paragraph as though fully set forth and re-asserted herein.

61. Plaintiff is a member of a protected class based on her sex, female and her familial status and pregnancy.

62. Plaintiff in all respects was performing her job in a manner that was consistent with the Defendants' legitimate business expectations and beyond.

63. The Defendants discriminated against Plaintiff as described above including but not limited to harassing her, discriminating against her,  subjecting her to a hostile work environment, and terminating her.

64. The Defendants also retaliated against Plaintiff as described above.

65. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorneys' fees, costs and other damages allowable under the IHRA.

WHEREFORE, Plaintiff, **ANNA UNDERHILL**, respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages caused by the Defendants' violation of her rights under the IHRA and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, and prejudgment interest, as well as any further relief allowable under The IHRA and as the Court deems just and appropriate.

## COUNT IV
## RETALIATION IN VIOLATION OF TITLE VII

66. Plaintiff repeats and reasserts paragraphs 1-33 above as this paragraph as though fully set forth and re-asserted herein.

67. Plaintiff has a federally protected right to equal treatment in the workplace and she attempted to exercise that right by complaining to Defendants regarding the flagrantly inappropriate and illegal behavior of Defendants as outlined above.

68. Defendants refused to address and resolve Plaintiff's complaints.

69. The Defendants, through its supervisors and agents also engaged in illegal acts of retaliation against Plaintiff, including but not limited to differential treatment, creation of a hostile work environment, and termination.

70. All of these acts continually increased after Plaintiff made complaints regarding this treatment.

71. Plaintiff was wrongfully terminated on or about February 24, 2020, in retaliation for the complaints she made concerning the Defendants' unlawful conduct under Title VII.

72. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under Title VII.

73. The above-mentioned acts of Defendants by and through its agents were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless

indifference to Plaintiff's rights under Title VII and justify the awarding of exemplary and punitive/liquidated damages in this cause.

74. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, **ANNA UNDERHILL**, respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages caused by the Defendants' violation of her rights under Title VII and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief allowable under Title VII and as the Court deems just and appropriate.

## COUNT V – RETALIATION IN VIOLATION OF THE IHRA

75. Plaintiff repeats and reasserts paragraphs 1-33 above as this paragraph as though fully set forth and re-asserted herein.

76. Plaintiff has a state-protected right to equal treatment in the workplace and she attempted to exercise that right by complaining to Defendants through her supervisors regarding the flagrantly inappropriate and illegal behavior of Defendants as outlined above.

77. Defendants refused to address and resolve Plaintiff's complaints.

78. The Defendants, through its supervisors and agents also engaged in illegal acts of retaliation against Plaintiff, including but not limited to differential treatment, creation of a hostile work environment, and termination.

79. All of these acts continually increased after Plaintiff made complaints regarding this treatment.

80. Plaintiff was wrongfully terminated on or about February 24, 2020, in retaliation for the complaints she made concerning the Defendants' unlawful conduct under the IHRA.

81. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, lost vacation time, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under the IHRA.

82. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, **ANNA UNDERHILL**, respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages caused by the Defendants' violation of her rights under the IHRA and award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of

litigation, expert witness fees, reasonable attorney's fees, and prejudgment interest, as well as any further relief allowable under The IHRA and as the Court deems just and appropriate.

**COUNT VI:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

83. Plaintiff repeats and reasserts the allegations in paragraphs 1-33 of this Complaint as this paragraph as though fully set forth herein.

84. At all times throughout the course of her employment, Plaintiff performed her job to the legitimate expectations of her employer and beyond.

85. At all relevant times discussed and described above, Plaintiff had a disability, and a record of disability within the meaning of the Americans with Disabilities Act, and/or Defendants perceived her as disabled.

86. At all relevant times, Plaintiff could perform her job functions with a reasonable accommodation from her employer.

87. Defendants subjected Plaintiff to differential treatment and adverse actions in the course of her employment after learning of her disability, in violation of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §12201 *et. seq*., including but not limited to, differences in terms and conditions of her employment, and termination.  Any other reason given for said behavior is pretextual.

88. Defendants' actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and her physical well-being to justify awarding punitive and exemplary damages in this case.

89. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of

15

employment; severe emotional distress, humiliation, embarrassment; exacerbation of her medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

WHEREFORE, Plaintiff **ANNA UNDERHILL** respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, harm to reputation, exacerbation of her medical condition, medical costs, the expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court, deems just and appropriate.

### COUNT VII:
### AMERICANS WITH DISABILITIES ACT:
### DENIAL OF REASONABLE ACCOMMODATIONS

90. Plaintiff repeats and reasserts the allegations in paragraphs 1-33 of this Complaint as this paragraph as though fully set forth herein.

91. Defendants were required to provide Plaintiff with a reasonable accommodation under the ADA and were required to engage in an interactive exchange with Plaintiff to determine what reasonable accommodations were available to Plaintiff.

92. Defendants failed and refused to provide Plaintiff with a reasonable accommodation and failed to engage in an interactive exchange as required by the ADA, violating the ADA.

93. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of her medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the ADA.

94. Defendants' actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and her physical well-being to justify awarding punitive and exemplary damages in this case.

WHEREFORE, Plaintiff **ANNA UNDERHILL** respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the Americans with Disabilities Act and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, harm to reputation, exacerbation of her medical condition, medical costs, the expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court, deems just and appropriate.

## COUNT VIII
## AMERICANS WITH DISABILITIES ACT:
## RETALIATION

95. Plaintiff repeats and reasserts the allegations in paragraphs 1-33 of this Complaint as this paragraph as though fully set forth herein.

96. Plaintiff has a federally protected right to equal treatment in the workplace. He attempted to exercise that right by complaining to Defendants through her superiors regarding Defendants' flagrantly inappropriate and illegal behavior as outlined above.

97. In addition to Defendants' refusal to address or resolve Plaintiff's complaints, Defendants, through its supervisors and agents, also engaged in illegal acts of retaliation against Plaintiff, including but not limited to differential treatment and termination.

98. Prior to her termination, Plaintiff complained  about the differential treatment she was subjected to due to her disability and for engaging in protected activity in violation of the ADA.

99. Plaintiff made requests for  reasonable accommodations due to the complications of her pregnancy as outlined above, but Defendants ignored the same and refused to engage in any interactive process to discuss any potential reasonable accommodations.

100.    Plaintiff was wrongfully terminated on or about February 24, 2020, in retaliation for the complaints he made concerning Defendants' unlawful conduct under the ADA.

101.    As a direct and proximate result of the acts engaged in by Defendants, the Plaintiff suffered severe financial damages, including but not limited to loss of pay, past, and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; severe emotional distress, humiliation,

embarrassment, physical harm, damage to reputation, attorney's fees, costs and any other damages allowable under the ADA.

102.    The acts mentioned above of Defendants, individually and by and through its agents, were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to the Plaintiff's rights under the ADA and justify the awarding of exemplary and liquidated damages in this cause.

103.    Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, **ANNA UNDERHILL**, respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages caused by Defendants' violation of her rights under the ADA and award Plaintiff all allowable damages under the ADA which may include loss of wages, past, and future, loss of future earnings, loss of career opportunities, loss of employee benefits past and future, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs, the expense of litigation, expert witness fees, reasonable attorney's fees, punitive and liquidated damages, compensatory damages and prejudgment interest, as well as any further relief as the Court deems just and appropriate.

## COUNT IX:
## VIOLATION OF THE IHRA - DISABILITY

104.    Plaintiff repeats and reasserts the allegations in paragraphs 1-33 of this Complaint as this paragraph as though fully set forth herein.

105.    At all times throughout the course of her employment, Plaintiff performed her job to the legitimate expectations of her employer and beyond.

106.    At all relevant times discussed above, Plaintiff had a disability, and a record of disability within the meaning of the Illinois Human Rights Act, and/or Defendants perceived her as disabled.

107.    At all relevant times, Plaintiff could perform her job functions with a reasonable accommodation from her employer.

108.    Defendants subjected Plaintiff to differential treatment and adverse actions in the course of her employment after learning of her disability, in violation of the Illinois Human Rights Act, 775 ILCS 5/1 *et. seq.*, including but not limited to, differences in terms and conditions of her employment, and termination.  Any other reason given for said behavior is pretextual.

109.    Defendants' actions were intentional, willful, and wanton, and done with reckless disregard for Plaintiff's federally protected rights and her physical well-being to justify awarding punitive and exemplary damages in this case.

110.    As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings, and other incidentals and benefits of employment; severe emotional distress, humiliation, embarrassment; exacerbation of her medical condition; damage to reputation; punitive, liquidated and other exemplary damages, attorney's fees, costs and other damages allowed under the IHRA.

WHEREFORE, Plaintiff **ANNA UNDERHILL** respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages for Defendants' violation of Plaintiff's rights under the  Illinois Human

Rights Act, and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, exemplary/punitive damages, compensatory damages for severe emotional distress, pain and suffering, embarrassment, humiliation, harm to reputation, exacerbation of her medical condition, medical costs, the expense of litigation, expert witness fees, reasonable attorneys' fees, costs, liquidated damages and pre-judgment interest, as well as any other further relief as the Court, deems just and appropriate.

## COUNT X
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII

111.     Plaintiff repeats and reasserts paragraphs 1-33 above as this paragraph as though fully set forth and re-asserted herein.

112.     By the above actions, but not limited to the same, Plaintiff was subject to pervasive and continuous unwelcome harassment at the hands of Defendants, in the terms, conditions, and privileges of employment and/or in interfering with her work opportunities because of her sex, in violation of Title VII.

113.     Defendants knew or should have known through Plaintiff's complaints of the aforementioned harassment and failed to take prompt remedial action to stop and correct the same.

114.     By the above actions but not limited to the same, Defendants created an intimidating, hostile and offensive work environment, which unreasonably interfered with Plaintiff's work performance, work opportunities, and seriously affected her psychological well-being.

115.     Other male, non-pregnant employees were not subjected to the same or similar treatment as Plaintiff was.

116. Due to its inaction, Defendants condoned and ratified the aforementioned unlawful acts.

117. Defendants' wrongful acts were deliberate, intentional, willful, wanton, and malicious and oppressive and in total disregard and reckless indifference to Plaintiff's rights under Title VII.

118. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under Title VII.

119. The above-mentioned acts of Defendants by and through its agents were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to Plaintiff's rights under Title VII and justify the awarding of exemplary and punitive/liquidated damages in this cause.

120. Plaintiff was wrongfully terminated on or about February 24, 2020, in retaliation for the complaints she made concerning the Defendants' unlawful acts.

121. Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, **ANNA UNDERHILL**, respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages caused by the Defendants' violation of her rights under Title VII and award

Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages, and prejudgment interest, as well as any further relief allowable under Title VII and as the Court deems just and appropriate.

## COUNT XI:
## HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE IHRA

122.    Plaintiff repeats and reasserts paragraphs 1-33 above as this paragraph as though fully set forth and re-asserted herein.

123.    By the above actions, but not limited to the same, Plaintiff was subject to pervasive and continuous unwelcome harassment at the hands of Defendants, in the terms, conditions, and privileges of employment and/or in interfering with her work opportunities because of her sex, in violation of the IHRA.

124.    Defendants knew or should have known through Plaintiff's complaints of the aforementioned harassment and failed to take prompt remedial action to stop and correct the same.

125.    By the above actions but not limited to the same, Defendants created an intimidating, hostile and offensive work environment, which unreasonably interfered with Plaintiff's work performance, work opportunities, and seriously affected her psychological well-being.

126.    Other male employees were not subjected to the same or similar treatment as Plaintiff was.

127.    Due to its inaction, Defendants condoned and ratified the aforementioned unlawful acts.

128.    Defendants' wrongful acts were deliberate, intentional, willful, wanton, and malicious and oppressive and in total disregard and reckless indifference to Plaintiff's rights under the IHRA.

129.    As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay, past and future, loss of benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment, severe emotional distress, humiliation, embarrassment, physical harm, damage to reputation, attorney's fees, costs and other damages allowable under the IHRA.

130.    The above-mentioned acts of Defendants by and through its agents were intentional, willful and wanton, malicious and oppressive, and in total disregard and reckless indifference to Plaintiff's rights under The IHRA and justify the awarding of exemplary and punitive/liquidated damages in this cause.

131.    Plaintiff was wrongfully terminated on or about February 24, 2020, in retaliation for the complaints she made concerning the Defendants' unlawful acts.

132.    Plaintiff has suffered and will continue to suffer significant damages as a result of the above.

WHEREFORE, Plaintiff, **ANNA UNDERHILL**, respectfully requests judgment against Defendants, **PEORIA PUBLIC SCHOOLS DISTRICT 150** AND **HARRISON COMMUNITY LEARNING CENTER**, in an amount that will fully compensate her for her injuries and damages caused by the Defendants' violation of her rights under The IHRA and

award Plaintiff damages for loss of wages, past, and future, loss of future earning loss of career

opportunities, loss of employee benefits, lost vacation time, severe emotional distress, pain and

suffering, embarrassment, humiliation, damage to reputation, court costs and expenses of

litigation, expert witness fees, reasonable attorney's fees, punitive and/or liquidated damages,

and prejudgment interest, as well as any further relief allowable under The IHRA and as the

Court deems just and appropriate.

**Plaintiff demands trial by jury.**


Respectfully submitted,

**ANNA UNDERHILL**

By:   /s/ John C. Kreamer
        One of her Attorneys



John C. Kreamer (6270111)
Joseph E. Urani (6278626)
The Kreamer Law Group, LLC.
1100 E. Warrenville Road, Ste. 135
Naperville IL 60563
T. 630.995.3668
F. (630) 597-9532